Johnson, J.
delivered the opinion of the Court.
In the argument in this case it has been insisted :
1st, That the plaintiff’s ward, being under age during the whole time of her being held, in slavery, the damages (if any) accrued to the mother, and not to her.
*139 2dly, That as' the defendant came to the possion of her in virtue of his marriage, and without a knowledge of her right to freedom, he ought not to have heen subjected to vindictive damages.
3dly, That the damages must be regarded as vindictive, because she was only entitled to a compensation for her services up to the time of bringing the action, in 1816, which, estimating them at fifty dollars per annum, would entitle her to no more than two hundred and fifty dollars.
If this had been an action on a contract to recover a compensation for the services of the plaintiff’s ward, it might have been a question whether ultimately the mother would not have been entitled to them, butl.apprehend, it would have formed no objection to the recovery itself; for, upon general principles, an infant must hot necessarily make a parent its guardian, orprachion ami. This is a trespass on the person of the plaintiff’s ward, and there can be no question that she alone, and not her mother, is entitled to the remuneration. The mother, in that character,: could not maintain an action for such a wrong: a guardian, on general principles, and more especially under the particular provisions of the act of the legislature, of the 10th of May, 1740, Pub. Laws, 164, was necessary to entitle to recover.
On the subject of the second objection, made *140 in the argument, I take the rule to be, that every man is presumed, nay, bound to know his own rights, and if he does another an injury, it is no excuse to say that he thought he was in the exercise of a legal right. But on another principle, I think the ward of the plaintiff entitled to recover at least a reasonable compensation for her services, even admitting that the defendant was, as is pretended, ignorant of her right of freedom. Damages are considered, not only as a punishment to the wrong done, but as a remuneration to the party injured. The facts in this case, however, will not justify the pretext that the defendant was ignorant of her being entitled to her freedom. Can it be believed that it had not come to his knowledge? It was, perhaps, as well known to his wife as any other person, and her proceedings on the administration of the estate of her deceased husband, which devolved on him in virtue of his marriage, and with which it is charitable to presume he had made himself acquainted, proves that she was not considered as a part of that estate. Independent then of the legal presumption, he comes with a bad grace, to ask indulgence on account of his ignorance.
As to the third question, it is not pretended that the damages are excessive, if the plaintiff is entitled to recover even the value of his ward’s services from the time of her coming into the possession of the defendant, up to the time of the *141 trial, as by computing them at fifty dollars per annum, which they were proven to be worth, would give the amount of the verdict. It is, however, insisted, that he is entitled to recover them, only up to the time of bringing the action, which would, at that rate, amount to only two 7 7 J hundred and fifty dollars. Whenever an iniury is in its nature contmued, there can be no question but that the party injured is entitled to cover for all damages sustained previous to the trial. If it were otherwise for injuries of this character, an action must necessarily be brought for every hour of its continuation, or the remedy would not be adequate, and thus create that multiplicity of actions which the law so much abhors. Upon this principle, in actions to try titles to land, in actions of trover, and many other actions for injuries, which, in their nature, are capable of being continued, the party is entitled to recover for all injuries sustained prior to the time of trial, and it would appear also that the act of the legislature,' above referred to, intended to provide for it in this particular description of cases: it expressly declares, that, in all such actions, “judgment shall be given according to the very right of the cause, without having any regard to the proceedings, either in form or substance.” So far from thinking that the damages in this case are so excessive as to authorize the granting of a new trial, I cannot forbear to declare my own conviction, that there has been *142 base attempt to consign to slavery for life, this unfortunate being, whose very situation called loudly for the protection of every feeling and honest With this view of the case, I should not have been disposed to grant a new trial, if the damages had been much greater. I am, therefore, of opinion, that the motion for a new trial ought to be rejected.
If or wl ries, which are continued after action brought, give damages™? ftSifiSStothS acüu“
Thomas S. Grimke, for the motion.
Yancey, contra.
The other Judges concurred.